UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD STEVEN MITUNIEWICZ,<br><br>Plaintiff,<br><br>v.<br><br>HAROLD CLARK *et al.*,<br><br>Defendants. | Case No. C06-5383RBL<br><br>ORDER TO AMEND THE COMPLAINT AND DENYING PENDING MOTIONS |

This action, filed under the Americans with a Disabilities Act has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*.

Plaintiff makes a number of complaints regarding the amount of good time he received, his ability to complete his Drug Offender Sentencing Alternative, DOSA, sentence, and the award of good time or earned time credits he received while in custody for violations of his DOSA. He also complains of the Department of Corrections using something called an LSI-R. Plaintiff defines an LSI-R as a Level of Service Inventory, but does not explain what that means. He complains because it is prepared or made by a company in Ontario Canada.

The court finds the 22 page proposed complaint to be a violation of Fed. R. Civ. P. 8 (a).

ORDER1

1  Fed. R. of Civ. P. 8 (a) mandates a complaint contain a short plain statement of the grounds upon
2  which the court's jurisdiction depends, a short plain statement of the claim, and demand for
3  judgement of relief.  The 22 page proposed complaint contains pages of quotations to RCW's, is
4  convoluted, and is not a plain short statement.

5  Plaintiff is **Ordered** to file an amended complaint.  The amended complaint will act as a
6  complete substitute for the original and not as a supplement. In the amended complaint plaintiff is
7  instructed to plainly tell the court what disability he alleges he suffers from and what relief he is
8  seeking.  Plaintiff is further ordered to fully explain what each abbreviation he uses is.  By way of
9  example, in the proposed complaint plaintiff refers to his disability as P4, U3, D3, X4.  A footnote on
10 page 2 of the complaint links these letters and numbers to some type of test score, but, plaintiff does
11 not explain what these scores mean or what disability he claims to have.  Plaintiff's allegations
12 regarding the Department of Corrections use of an LSI-R is another example of plaintiff's failure to
13 explain his cause of action in plain language.

14 Plaintiff is cautioned that if he is seeking restoration of earned time, an award of earned time
15 not awarded, or damages for time taken or not awarded he will first have to obtain relief by way of
16 Habeas Corpus with its attendant exhaustion requirements.  <u>Heck v. Humphrey</u>, 512 U.S. 477
17 (1994).

18 Plaintiff has also filed a proposed motion for appointment of counsel.  All pending motions
19 are **DENIED.**  An amended complaint will be filed with the court on or before **September 1st, 2006.**
20 The clerk's office is directed to mail plaintiff a copy of this corder and note the **September 1st, 2006**
21 due date for the amended complaint.

22 Plaintiff is reminded to send a filled out Marshal Service form and copy of the amended
23 complaint for each defendant he wishes the court to attempt to serve.

DATED this 31st day of July, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

28 ORDER2