UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD STEVEN MITUNIEWICZ,

Plaintiff,

v.

HAROLD CLARK *et al.*,

Defendants.

Case No. C06-5383RBL

ORDER DENYING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, LIBERALLY INTERPRETING PLAINTIFF'S PLEADINGS, AND DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A SECOND AMENDED COMPLAINT

This action has been filed under the Americans with a Disabilities Act as a Civil Rights Action. The action has been re-referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are two motions. Defendants ask the court order plaintiff to provide a more definite statement (Dkt # 46). Plaintiff asks for a lengthy extension of time to file a second amended complaint (Dkt. # 47). Plaintiff's motion appears to be a response to the motion for a more definite statement.

When this action was first filed, the complaint was a 22 page long document that was somewhat convoluted (Dkt. # 6). It appeared plaintiff was challenging loss of good time credits and

ORDER-1

length of his incarceration as part of the complaint. The court ordered an amended complaint be filed (Dkt. # 8). When a complaint was not timely filed, the court entered a Report and Recommendation to dismiss the action (Dkt # 9).

The action was dismissed and then reopened (Dkt. # 12 to 17). An amended complaint that is only 9 pages long was filed (Dkt # 19). Plaintiff also filed a memorandum in support of his complaint that makes clear he is bringing the action as a discrimination action under the Americans with a Disabilities Act, ADA (Dkt. # 20).

The court considers the amended complaint as stating a viable cause of action for discrimination under the ADA. The court ordered service by mail be attempted and some, though not all, defendants have been served (Dkt. # 27 to 43).

Defendants now move for a more definite statement (Dkt. # 46). Plaintiff sometimes misspells a word or uses the wrong word. While the court agrees that the amended complaint could be clearer, the intent of the complaint is clear.

The court has reread the amended complaint. The court has a duty to liberally interpret the complaint as plaintiff is proceeding *pro se*. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992). Liberally interpreting the complaint, the court finds that page 1 outlines the history of the alleged injuries that plaintiff claims caused him to become a disabled person. Pages two and three identify the parties to the action. On the last portion of page three plaintiff begins his statement of the claims.

Plaintiff alleges John and Jane Doe medical staff at RAP Lincoln House discriminated against him by excluding him from participation in housing and programs. See, Amended Complaint ¶ 3.3. Plaintiff alleges John Doe contract medical provider discriminated against him by refusing to reduce his medical disabilities scores. Plaintiff alleges the reduction in scores would make him eligible for placement at RAP Lincoln House. See, Amended Complaint ¶ 3.4. Plaintiff alleges Joop DeJonge refused to override the decision of RAP Lincoln House to not accept plaintiff and thereby

ORDER-2

discriminated against him.[1] See, Amended Complaint ¶ 3.5.  Plaintiff alleges Harold Clarke discriminated against him by not providing "independent living arraignments." See, Amended Complaint ¶ 3.6  Plaintiff alleges defendant Ken Quinn discriminated against him by not letting him use the handicapped showers or handicapped doors at MCC/MSU. See, Amended Complaint ¶ 3.7.  Plaintiff alleges Custody Unit Supervisor Jon Schaller discriminated against him by not sending out work release applications on plaintiffs' behalf. See, Amended Complaint ¶ 3.8.  Finally, plaintiff alleges defendant Deborah Holly discriminated against him by not assisting him in developing a Work Release plan. See, Amended Complaint ¶ 3.9.

Plaintiff seeks monetary damages for the discrimination claims.  He also seeks injunctive relief that would force the Department of Corrections provide disabled persons with assistance in obtaining General Assistance for Unemployed persons, (GAU), and Social Security Benefits, prior to being released. See, complaint section IV.

With this clarification the court does not believe a motion for a more definite statement is warranted.  The motion is **DENIED.**  If the court's interpretation of the complaint is incorrect, the plaintiff is directed to immediately inform the court and counsel of the inaccuracy or omission.  Otherwise, this order will define the scope of the action.

Having denied defendants motion, plaintiff's motion for an extension of time to file a second amended complaint, (Dkt # 47), is **DENIED AS MOOT**.

The clerk's office is directed to send a copy of this order to plaintiff and counsel for defendants and to remove docket numbers 46 and 47 from the court's calendar.

DATED this 11 day of July, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

---

[1] This defendant no longer works for the Department of Corrections and the attempt to serve him by mail failed.

ORDER-3